
ORIGINAL

FILED

12/06/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0652

# IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0652

MATTHEW PAUL THIBERT,

    Petitioner,

v.

MONTANA EIGHTH JUDICIAL DISTRICT
COURT, HON. DAVID J. GRUBICH,
Presiding.

    Respondent.

O R D E R

FILED

DEC 06 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Self-represented Petitioner Matthew Paul Thibert has filed a Motion for Supervisory Control over the Eighth Judicial District Court, Cascade County, and Judge David J. Grubich.

This Court exercises supervisory control in its discretion and on a case-by-case basis. M. R. App. P. 14(3). "This extraordinary remedy can be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate." *State v. Spady*, 2015 MT 218, ¶ 11, 380 Mont. 179, 354 P.3d 590 (citations omitted). "The case must meet one of three additional criteria: (a) [T]he other court is proceeding under a mistake of law and is causing a gross injustice; (b) [C]onstitutional issues of state-wide importance are involved; or (c) [T]he other court has granted or denied a motion for substitution of a judge in a criminal case." *Spady*, ¶ 11 (quoting M. R. App. P. 14(3)(a)-(c)).

Citing to M. R. App. P. 14(3), Thibert contends that the District Court "has been proceeding under a mistake of law causing a gross injustice." He explains that he filed several motions "that have [been] unanswered and the Clerk of District Court is in violation of RULE 55 for not entering the default as admitted by Judge GRUBICH in his orders re: PETITIONERS MOTIONS[.]" (Emphasis in original). Thibert includes a copy of the

court's order, copies of the motions filed in District Court, and a register of actions for the case. He states that he filed accompanying briefs in support of his motions.

This Court reviewed the attached August 16, 2021 Order re: Petitioner's Motions in Cause No. DDC-16-453(a). We observe that his underlying proceeding is a criminal case and that his attached copy of the register of actions is incomplete. The District Court denied all of Thibert's motions and pointed out that default is improper under Rule 55. The Montana Rules of Civil Procedure do not apply in criminal cases. Upon review of this Court's docket, Thibert appealed this Order in September 2021. *See Thibert v. State of Montana*, No. DA 21-0440. Thibert raised the same arguments then. We dismissed his underlying appeal *sua sponte* because the "District Court has not had an opportunity to issue a decision on Thibert's petition for postconviction relief [filed prior to Thibert's nine motions]." *Thibert v. State*, No. DA 21-0440, Order at 2 (Mont. Oct. 26, 2021). We instructed Thibert then to seek an appeal of the District Court's final judgment concerning his petition for postconviction relief.

We conclude that Thibert is not entitled to a writ of supervisory control over the District Court. M. R. App. P. 14(3). His arguments are without merit. Accordingly,

IT IS ORDERED that Thibert's "Motion for Supervisory Control" is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk of the Supreme Court is directed to provide a copy of this Order to: the Honorable David J. Grubich, Eighth Judicial District Court; Tina Henry, Clerk of District Court, Cascade County, under Cause No. DDC-16-453(a); counsel of record; and Matthew Paul Thibert personally

DATED this 6 day of December, 2022.

_____
Chief Justice

2

_____

_____

_____

_____
Justices

3